UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IVAN HERNANDEZ and GENE MICHNO, | |
| Plaintiffs, | No. 13 C 7949 *consolidated with* |
| v. | No. 13 C 7163 |
| COOK COUNTY SHERIFF'S OFFICE, et al., | Judge James B. Zagel |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

These cases were consolidated for purposes of pre-trial proceedings. Plaintiff Ivan Hernandez has brought this action against the Cook County Sheriff's Office, Thomas J. Dart, Rosemarie Nolan, Zelda Whittler, Joseph Ways, Sr., Henry Hemphill and Edward Dyner for political retaliation under 42 U.S.C. § 1983 and for violation of the Illinois Whistleblower Act, 740 ILCS 174/1, *et seq*. Plaintiff Gene Michno brings the same action against the Cook County Sheriff's Office, Thomas J. Dart, Rosemarie Nolan, Zelda Whittler, Joseph Ways, Sr., and Gary Hickerson. Defendants now move to dismiss both claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. For the following reasons, Defendants' motions are granted in part and denied in part.

### BACKGROUND

The facts are taken as true from Plaintiffs' Complaint. Mr. Hernandez began working for the Cook County Sheriff's Office as a correctional officer in late 1997. He later attained the rank of sergeant. Mr. Michno began working for the Cook County Sheriff's Office as a correctional officer in late 1999. Plaintiffs were both exemplary employees, satisfactorily performing their

1

duties at all relevant times.

In 2006, Plaintiffs supported Richard Remus, their former supervisor, as a candidate for the Office of the Cook County Sheriff. Mr. Remus's opponent, Mr. Dart, was the eventual victor. The complaint alleges that, after Sheriff Dart took office, Plaintiffs and other unnamed officers were subjected to political retaliation for supporting Mr. Remus. In response, Plaintiffs and the other officers filed a civil rights lawsuit against the Sheriff's Office alleging violations of their First Amendment rights. *Hernandez v. Cook County Sheriff's Office*, 07 C 855 (N.D.Ill.). The case is still pending, and Plaintiffs are active participants.

Defendants knew that Plaintiffs supported Mr. Remus's candidacy, and they knew that Plaintiffs had filed the civil rights lawsuit. In October 2011, Defendants filed disciplinary charges with the office's Merit Board seeking Mr. Michno's termination. In May 2012, Defendants did the same seeking Mr. Hernandez's termination. According to the complaint, these charges were false. The complaint alleges that this and other adverse action was taken against Plaintiffs in retaliation for filing the civil rights lawsuit.

The complaint alleges that Defendants Sheriff Dart, Rosemarie Nolan, Zelda Whittler, Joseph Ways, Sr., Henry Hemphill, Edward Dyner, and Gary Hickerson were all personally involved in the decision to seek Plaintiffs' termination. The complaint also alleges that Sheriff Dart failed to take action against his staff to prevent or discipline retaliatory conduct.

**DISCUSSION**

When considering a motion to dismiss for failure to state a claim, the court treats all well-pled allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir.2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

This was, in my view, a very close call, but I am not going to dismiss the complaint. The allegation is that Defendants retaliated against Plaintiffs for supporting Mr. Remus and for filing a federal civil rights lawsuit through adverse treatment that included seeking his termination. I find sufficient factual content in the complaint to permit a reasonable inference that Defendants are liable for this alleged misconduct. *See id*.

The material facts in the complaint are essentially these: (1) Plaintiffs were exemplary employees, performing their duties satisfactorily at all relevant times; (2) Plaintiffs engaged in protected activity by supporting Mr. Remus and filing a federal civil rights lawsuit; (3) Defendants knew Plaintiffs engaged in this protected activity; (4) Defendants sought Plaintiffs' termination; (5) Defendants otherwise treated Plaintiffs adversely; (6) Defendant Dart did not stop his subordinates from taking these adverse actions.

At issue is whether these facts, accepted as true, state a claim to relief that is "plausible on its face." *Id*. This plausibility standard requires facts that permit me to infer more than the mere possibility of unlawful conduct. *Id*. Determining whether this standard is met is a context-specific task that requires a court to draw on its judicial experience and common sense. *Id*. at 679. The Court in *Iqbal* was clear, however, that facts that are merely consistent with

Defendants' liability stop short of the line between possibility and plausibility. *See id* at 678.

Here, the key fact that (barely) pushes the complaint across that line is the assertion that Plaintiffs were extremely good employees who satisfactorily performed their duties at all relevant times. Taken as true, the clear implication from this fact is that there was no reason to seek their termination or otherwise treat them adversely for cause.

Were this fact omitted, the complaint would essentially allege only that Plaintiffs engaged in protected activity and Defendants later sought their termination and treated them adversely. In my view, those facts are merely consistent with Defendants' liability and do not permit the court to infer more than the mere possibility of misconduct. *See id*. at 679.

Plaintiffs' exemplary job performance, however, supports an inference that Plaintiffs were adversely treated for some reason other than their performance. This, along with the other facts in the complaint, permits a reasonable inference that that reason was retaliation for their protected activity. In my view, Plaintiffs' job performance is not merely consistent with Defendants' liability. The support this fact lends to the inference that Defendants acted unlawfully is what pushes the complaint across the line between the merely possible and the plausible.

To the extent Sheriff Dart is named as a defendant in his official capacity in addition to his individual capacity, these claims are also brought against the governmental entity he represents. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir. 2000). A governmental entity such as the Cook County Sheriff Office violates the Constitution when it has an unconstitutional custom or policy. Briefly, a "custom" or "policy" can take one of three forms: (1) an express policy; (2) a widespread practice; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority. *See id*.

4

The complaint sufficiently alleges at least the third form of custom or policy. In Illinois, a sheriff has "final policy-making authority." *Id*. As noted, Plaintiffs allege that Sheriff Dart is among those responsible for their constitutional injury. Even a single act or decision of a final policymaker can establish municipal policy. *Id*.

There may be, of course, lawful reasons for Plaintiffs' adverse treatment that will come out in discovery. The asserted fact that Plaintiffs were exemplary employees may be convincingly rebutted. But at this stage, Plaintiffs' allegations are sufficient. The facts currently before me are not voluminous, and I certainly would have appreciated more detail, but they are subject to Rule 11. Although it is close, I conclude that Plaintiffs' complaint is sufficient to survive Defendants' 12(b)(6) motion.

Defendants also move to dismiss Plaintiffs' claim for violation of the Illinois Whistleblower Act as to all of the individual defendants. On this point, Defendants' motion is granted. The individual defendants clearly are not employers within the meaning of the statute. Plaintiffs rely on the Act's definition of "employer," 740 ILCS 174/5, to support their contention that the Act provides for individual liability, but I am not persuaded.

The Act clearly allows for the possibility that an individual may be an employer. *Id*. It also makes clear that an employer may be held liable for the conduct of individuals acting on the employer's behalf within the scope of their authority. *Id*. But it does not then follow that such individuals who are not themselves employers in the first instance may be held individually liable as employers in addition to the employer on whose behalf they were acting.

Defendants are also correct that Cook County cannot be held liable for Defendants' alleged misconduct because Sheriff Dart and his employees have no employment relationship with the County. Cook County remains as an indemnitor for Plaintiffs' official capacity claims

against Sheriff Dart, however, and I construe the complaint to be so amended.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted in part and denied in part.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: April 3, 2014