**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IVAN HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 7949 |
| | ) | Consolidated with |
| v. | ) | No. 13 C 7163 |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE, | ) | Honorable Judge |
| THOMAS J. DART, in his individual | ) | James B. Zagel |
| Capacity as Sheriff of Cook County, | ) | |
| Illinois, ROSEMARIE NOLAN, ZELDA | ) | |
| WHITTLER, JOSEPH WAYS, SR., HENRY | ) | |
| HEMPHILL, and EDWARD M. DYNER, | ) | |
| in their individual capacities, and COOK | ) | |
| COUNTY, a local unit of government, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>FIRST AMENDED ANSWER TO COMPLAINT</u>**

NOW COME the Defendants, COOK COUNTY SHERIFF'S OFFICE, COOK COUNTY, THOMAS J.

DART, ROSEMARIE NOLAN, ZELDA WHITTLER, JOSEPH WAYS, SR., HENRY HEMPHILL, AND EDWARD

DYNER, by their attorney ANITA ALVAREZ, Cook County State's Attorney, through her assistant

James C. Pullos, and hereby answer the Complaint as follows:

1.      Plaintiff Ivan Hernandez ("Hernandez") brings this action to redress acts of retaliation

in violation of the First Amendment pursuant to 42 U.S.C. § 1983 and in violation of Plaintiff's

rights to free political association and free speech (Count I); and to redress violations of the Illinois

Whistleblower Act, 740 ILCS 174/1 *et seq.* ("the Act") (Count II).

**ANSWER:** Defendants admit that Plaintiff Hernandez brings this action pursuant to his

allegations of retaliation in violation of the First Amendment pursuant to 42 U.S.C. § 1983 and in

1

violation of Plaintiff's rights to free political association and free speech (Count I) and to redress violations of the Illinois Whistleblower Act, 740 ILCS 174/1 *et seq.* ("the Act") (Count II), but Defendants deny all remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2.     This Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

**ANSWER:**  Defendants admit the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.     Venue is proper in this judicial district 28 U.S.C.§ 1391(b) and (c) because Plaintiff and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

**ANSWER:**  Defendants admit that venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiff and all Defendants either reside in this district or have their principal place of business in this district, but Defendants deny all remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4.     This case is related to *Hernandez, et al v. Cook County Sheriff's Office, et al.*, Case No. 07 C 855 (N.D. Ill.) (hereinafter "the *Hernandez* Lawsuit"). The conduct that gives rise to the claims in this case constitutes ongoing retaliation against Plaintiff Ivan Hernandez and retaliation for his participation in the *Hernandez* Lawsuit.

**ANSWER:**  Defendants deny the allegations contained in paragraph 4 of Plaintiff's

2

Complaint.

5.      Plaintiff Ivan Hernandez is a resident of Cook County, Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Complaint.

6.      Defendant Cook County is a municipality incorporated under the laws of the State of Illinois. Cook County administers itself through departments, one of which is the Defendant Cook County Sheriff's Office ("Sheriff's Office").

**ANSWER:**  Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      Defendant COOK COUNTY SHERIFF'S OFFICE is a department of COOK COUNTY.

**ANSWER:**  Defendants deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      At all relevant times, Defendant THOMAS DART ("Sheriff Dart") served in the elected position of Sheriff of Cook County, Illinois, Sheriff Dart is sued in his official and individual capacity.

**ANSWER:** Defendants admit that Sheriff Dart was sworn in as Sheriff on December 1, 2006, but Defendants deny the remaining allegations contained in paragraph 8 of Plaintiff's

Complaint.

9.     Defendant Dart was a policy maker for the Sheriff's Office and has final policy making authority with regard to conduct alleged herein.

**ANSWER:**  Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.     Defendant JOSEPH WAYS, SR. ("Ways") is sued in his individual capacity. Defendant Ways was the Executive Director of the Office of Professional Review ("OPR") of the Cook County Sheriff's Office at all relevant times.

**ANSWER:**  Defendants admit that Defendant Ways was the Executive Director of the Office of Professional Review from January 22, 2008 through February 22, 2013, but Defendants deny the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendant Ways was appointed by Sheriff Dart and served in the position of Executive Director of OPR solely at the discretion and pleasure of the Sheriff. Defendant Ways was a final policy maker and decision maker for the Sheriff's Office for OPR, and with regard to his acts and conduct alleged herein. The Sheriff delegated final policy making authority to Defendant Ways for OPR.

**ANSWER:**  Defendants admit that Defendant Ways was the Executive Director of the Office of Professional Review from January 22, 2008 through February 22, 2013, but Defendants deny the remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant Ways acted under color of law.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 12 of Plaintiff's Complaint.

13.     At all relevant times, Defendant Cook County Sheriff's Office employed Defendant HENRY HEMPHILL ("Hemphill"). Defendant Hemphill at all relevant times served as an investigator in OPR for Defendant Sheriff's Office. Defendant Hemphill is sued in his individual capacity.

**ANSWER:** Defendants admit that Defendant Hemphill was employed as an investigator in OPR for the Sheriff's Office between November 2010 and March 2013, but Defendants deny the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendant Hemphill acted under the color of law.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 14 of Plaintiff's Complaint.

15.     At all relevant times, Defendant Cook County Sheriff's Office employed Defendant EDWARD M. DYNER ("Dyner"). Defendant Dyner at all relevant times served as a Director in OPR for Defendant Sheriff's Office. Defendant Dyner is sued in his individual capacity. Defendant Dyner is a final policy maker and decision maker for the Sheriff's Office, and with to his acts and conduct alleged herein. The Sheriff delegated final policy making authority to Defendant Dyner regard to his acts and conduct alleged herein.

5

**ANSWER:** Defendants admit that Defendant Dyner was employed as a Director in OPR for the Sheriff's Office, but Defendants deny the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16.　　Defendant Dyner acted under color of law.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16 of Plaintiff's Complaint.

17.　　Defendant ZELDA WHITTLER ("Whittler") is sued in her individual capacity. Defendant Whittler is the Undersheriff of the Cook County Sheriff's Office.

**ANSWER:** Defendants admit the allegations in paragraph 17 of Plaintiff's Complaint.

18.　　At all times relevant hereto, Defendant Whittler has served in the position of Undersheriff solely at the discretion and pleasure of the Sheriff. Defendant Whittler is a final policy maker and decision maker for the Sheriff's Office and with regard to her acts and conduct alleged herein. The Sheriff delegated final policy making authority to Defendant Whittler with regard to her acts and conduct alleged herein.

**ANSWER:** Defendants admit that Defendant Whittler is the Undersheriff of the Cook County Sheriff's Office, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 18 of Plaintiff's Complaint.

19.　　Defendant Whittler acted under color of law.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendant ROSEMARIE NOLAN ("Nolan") is sued in her individual capacity. Defendant Nolan is the Director of Personnel of the Cook County Sheriff's Office.

**ANSWER:** Defendants admit the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     At all times relevant hereto, Defendant Nolan has served in the position of the director of personnel solely at the discretion and pleasure of the Sheriff. Defendant Nolan is a final policy maker and decision maker for the Sheriff's Office and with regard to her acts and conduct alleged herein. The Sheriff delegated final policy making authority to Defendant Nolan with regard to her acts and conduct alleged herein.

**ANSWER:** Defendants admit that Defendant Nolan is the Director of Personnel in the Cook County Sheriff's Office, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendant Nolan acted under color of law.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22 of Plaintiff's Complaint.

23.     Plaintiff Hernandez began working for the Cook County Sheriff's Office as a

7

correctional officer in or about April 1997.

      **ANSWER:** Defendants admit the allegations contained in paragraph 23 of Plaintiff's Complaint.


24.     Plaintiff Hernandez was an exemplary and dedicated employee of the Cook County Sheriff's Office.

      **ANSWER:** Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.


25.     Plaintiff Hernandez was promoted to Sergeant.

      **ANSWER:** Defendants admit the allegations contained in paragraph 25 of Plaintiff's Complaint.


26.     Plaintiff Hernandez satisfactorily performed his assigned duties at all relevant times.

      **ANSWER:** Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.


27.     From February 2006 until present, Sergeant Hernandez was subjected to political retaliation and has been further retaliated against for filing and pursuing a federal civil rights lawsuit that is still pending.

      **ANSWER:** Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     In 2006, Richard Remus, Sergeant Hernandez's former supervisor, put his name on the ballot to run for Sheriff of Cook County.

**ANSWER:** Defendants admit that Richard Remus ran for Sheriff of Cook County in 2006, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 28 of Plaintiff's Complaint.

29.     Sergeant Hernandez supported Richard Remus for Cook County Sheriff instead of supporting the eventual victor, Defendant Dart.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 29 of Plaintiff's Complaint.

30.     Beginning in or about February 2006, Sergeant Hernandez and other officers who supported Remus were subjected to various forms of political retaliation due to their support of Remus.

**ANSWER:** Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     In or about February 2007, Plaintiff Hernandez, along with several of the other officers who supported Remus, filed a civil rights lawsuit in federal court alleging violations of their First Amendment rights in violation of federal law. The federal lawsuit, *Hernandez, et al. v. Cook County Sheriff's Office, et al.*, Case No. 07 C 855 (N.D. Ill.), is still pending and Plaintiff Hernandez is an active participant in the lawsuit.

**ANSWER:** Defendants admit that Plaintiff Hernandez is a party in the matter of *Hernandez, et al v. Cook County Sheriff's office, et al*., Case No. 07 C 855 (N.D. Ill.), but Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31 of Plaintiff's Complaint.

32.    Defendants sought charges seeking the termination of Sergeant Hernandez's employment before the Cook County Sheriff's Merit Board ("Merit Board") because Hernandez filed and participated in the federal civil rights lawsuit.

**ANSWER:** Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.    On or about May 10, 2012, Defendants filed disciplinary charges with the Merit Board seeking Plaintiff Hernandez's termination, claiming that he failed to cooperate in OPR's investigation of another officer, who was also subject to political retaliation and who also has a federal civil rights lawsuit pending.

**ANSWER:** Defendants admit that disciplinary charges were filed against Plaintiff Hernandez, but Defendants deny the remaining allegations contained in paragraph 33 of Plaintiff's Complaint.

34.    Sergeant Hernandez did not refuse to cooperate or to report for an interview. Sergeant Hernandez agreed to cooperate and answer questions with his attorney present.

**ANSWER:** Defendants deny the allegations contained in paragraph 34 of Plaintiff's

10

Complaint.

35.     Defendants refused to allow Sergeant Hernandez to have his attorney present and deprived him of his right to counsel during the interview.

**ANSWER:**  Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     Defendants Hemphill, Dyner, and Ways participated in the investigation and signed off recommending Sergeant Hernandez's termination.

**ANSWER:**  Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendants Hemphill, Dyner, and Ways made the decision, or at the very least directed or influenced the decision, to seek the discipline and termination of Sergeant Hernandez.

**ANSWER:**  Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendant Whittler, signing on behalf of Defendant Dart, signed off on the complaint against Sergeant Hernandez that led to the charges seeking his termination. Defendant Whittler made the decision, or at the very least directed or influenced the decision, to seek the discipline and termination of Sergeant Hernandez.

**ANSWER:**  Defendants deny the allegations contained in paragraph 38 of Plaintiff's

11

Complaint.

39.     Defendant Dart, as Sheriff, made the decision, or at the very least directed or influenced the decision, to seek the discipline and termination of Sergeant Hernandez.

**ANSWER:**  Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     Defendant Nolan as the Personnel Director, made the decision, or at the very least directed or influenced the decision, to seek the discipline and termination of Sergeant Hernandez.

**ANSWER:**  Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendant Ways, as Executive Director of the Office of Professional Review, made the decision, or at the very least directed or influenced the decision, to seek the discipline and termination of Sergeant Hernandez.

**ANSWER:**  Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Defendants know that employment decisions cannot be made in retaliation for the employee disclosing to a court what he believed to be a violation of a state or federal law, rule or regulation.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as

to the truth of the averments contained in paragraph 42 of Plaintiff's Complaint.

43.     Defendants retaliated against Sergeant Hernandez because of his disclosure in the federal civil rights lawsuit of the political retaliation to which he was subjected.

**ANSWER:**  Defendants deny the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     Defendants Cook County Sheriff's Office, Dart, Nolan, WhittIer, Ways, Hemphill, Dyner, and Cook County violated the Illinois Whistleblower Protection Act by retaliating against Sergeant Hernandez for disclosing Defendant Sheriff's Office's illegal and improper conduct to a court.

**ANSWER:**  Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     Defendants retaliated against Sergeant Hernandez for disclosing to a court, by way of filing and participating in a federal civil rights lawsuit, what he believed to be illegal and improper conduct on the part of Defendants.

**ANSWER:**  Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.     Sergeant Hernandez had reasonable cause to believe that the actions of Defendant Cook County Sheriff's Office were a violation of state or federal law, rule or regulation.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 46 of Plaintiff's Complaint.

47.     Defendants retaliated against Sergeant Hernandez for disclosing in the federal lawsuit his belief that Defendants' actions and inactions against him were political retaliation for his support of Remus and was illegal and improper and in violation of the First Amendment to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.     Because of Sergeant Hernandez's ongoing participation in the federal lawsuit, Defendants have caused Plaintiff Hernandez to suffer adverse employment actions, including bringing charges against him before the Cook County Sheriff's Merit Board and seeking to terminate his employment with the Sheriff's Office.

**ANSWER:** Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     On July 9, 2013, only after Plaintiff filed a complaint in the Circuit Court of Cook County alleging retaliation, Defendants' voluntarily withdrew the charges against Plaintiff Hernandez before the Merit Board.

**ANSWER:** Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

14

50.     Defendants have manufactured charges against Plaintiff and others to retaliate against them for their political affiliation, complaints of political discrimination and retaliation, and/or for their participation in litigation and/or complaints made to a government or law enforcement entity.

**ANSWER:** Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Defendants Nolan, Whittler, Ways, Hemphill, and Dyner, with the knowledge and/or consent of Defendant Dart, have also engaged in selective enforcement of charges against employees based on political affiliation or non- affiliation and those that have complained about the Sheriff's Office practice of retaliation based on political affiliation.

**ANSWER:** Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Defendants Sheriff's Office and Dart condone constitutional violations and encourage employees to disregard policies and procedures by failing to discipline or take action against top command staff that have retaliated against employees based on their political and/or perceived political affiliation.

**ANSWER:** Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Defendants have engaged in a pattern and practice of retaliation against employees based on their political affiliation and in response to their complaints about political discrimination.

15

**ANSWER:** Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. Defendants and Defendants' command staff and supervisors had knowledge of the complained of conduct and refused or failed to take action to terminate or correct such conduct, although they had the power and authority to do so. As a result of Defendants' conduct and failure to act or conduct any investigation, Defendants have violated Plaintiff's and other employee's rights under the First Amendment to the United States Constitution and the Illinois Whistleblower Act.

**ANSWER:** Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. As a result of Defendants' actions, Plaintiff has suffered substantial losses, including, but not limited to, lost wages and benefits, overtime, mental and emotional anguish and embarrassment and humiliation.

**ANSWER:** Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

## COUNT I
### (§ 1983 – Political Retaliation
### v. All Defendants)

56. Plaintiff restates and realleges by reference paragraphs 1 through 55 as if fully set forth herein against all Defendants.

**ANSWER:** Defendants repeat and incorporate their answers provide in paragraphs 1 through 55 above as their answer to paragraph 56 in Count I of Plaintiff's Complaint.

16

57.     At all times relevant hereto, Defendants acted as employees, supervisors, and final policymakers for the Cook County Sheriff's Office and its respective agencies.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 57 of Plaintiff's Complaint.

58.     The First Amendment protects a wide spectrum of free speech and association, including a public employee's right to free association, to support or not support a political candidate of their own choosing, and to speak out and oppose political discrimination.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 58 of Plaintiff's Complaint.

59.     By not supporting Sheahan's candidate of choice, Dart, and by being associated with and associating with others involved in Remus's campaign, a political opponent to Sheriff Sheahan and his political party and the Democratic machine, Plaintiff was engaged in the exercise of his rights under the First Amendment.

**ANSWER:**  Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.     Plaintiff was exercising his rights under the First Amendment by filing a civil rights lawsuit in federal court alleging violations of their First Amendment rights  in violation of federal law.

**ANSWER:**  Defendants deny the allegations contained in paragraph 60 of Plaintiff's

17

Complaint.

61.     Defendants unlawfully retaliated against Plaintiff for the exercise of his rights under the First Amendment, by including but not limited to the following: Defendants intentionally subjected Plaintiff to unwarranted charges for his termination.

**ANSWER:**  Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

62.     The actions of Defendants against Plaintiff violated his rights guaranteed under the First Amendment to the United States Constitution and 42 U.S.C. § 1983.

**ANSWER:**  Defendants deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

63.     The individual Defendants have acted under color of state law at all material times hereto.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 63 of Plaintiff's Complaint.

64.     The actions of Defendants were intentional, willful, and malicious and/or in reckless disregard of Plaintiff's rights as secured by 42 U.S.C. § 1983 and the Civil Rights Act of 1991.

**ANSWER:**  Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65.     The acts of Defendants have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**ANSWER:**  Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

## COUNT II
## (Violation of the Illinois Whistleblower Act)
## <u>v. All Defendants)</u>

66.     Plaintiff repeats and realleges paragraphs 1 through 55 against All Defendants as though fully set out herein.

**ANSWER:**  Defendants repeat and incorporate their answers provide in paragraphs 1 through 55 above as their answer to paragraph 66 in Count II of Plaintiff's Complaint.

67.     Defendants sought termination of Plaintiff's employment and retaliated against him in the terms and conditions of his employment because Plaintiff had reported violations of state or federal law, rule or regulation to the Court.

**ANSWER:**  Defendants deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     Plaintiff had reasonable cause to believe that the actions of Defendant Cook County Sheriff's Office were a violation of state or federal law, rule or regulation.

**ANSWER:**  Defendants deny the allegations contained in paragraph 68 of Plaintiff's Complaint.

19

69.     Plaintiff was retaliated against in violation of rights guaranteed to him by the Illinois Whistleblower Act, 740 ILCS § 174/15, and he has suffered substantial losses as a result, including, but not limited to, lost wages and benefits, mental and emotional anguish and embarrassment and humiliation.

**ANSWER:**   Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

## AFFIRMATIVE DEFENSE NO. 1: Qualified Immunity

NOW COME the Defendants, COOK COUNTY SHERIFF'S OFFICE, COOK COUNTY, THOMAS J. DART, ROSEMARIE NOLAN, ZELDA WHITTLER, JOSEPH WAYS, SR., HENRY HEMPHILL, AND EDWARD M. DYNER ("DEFENDANTS"), by their attorney, ANITA ALVAREZ, State's Attorney of Cook County, through her Assistant State's Attorney, James C. Pullos, stating the following Affirmative Defenses:

1.     Plaintiff alleges, throughout his Complaint, that Defendants committed constitutional violations against him for filing a federal lawsuit and other protected activity.


2.     Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, the Defendants are entitled to the defense of Qualified Immunity.


3.     Defendants Cook County Sheriff and Cook County are local public entities immune from punitive damages as to Plaintiff's claims under *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S. Ct. 2748 (1981).

20

**AFFIRMATIVE DEFENSE NO. 2: The Illinois Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act")**

NOW COME Defendants, by their attorney, ANITA ALVAREZ, State's Attorney of Cook County, through her Assistant State's Attorney, James C. Pullos, stating the following affirmative defenses pursuant to the Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101, et seq. ("Tort Immunity Act"), limiting the recovery of Plaintiff and states as follows:

1. That Plaintiff, Ivan Hernandez, pleads in his Complaint that Defendants retaliated against him for filing a federal lawsuit.

2. That Plaintiff alleges in his Complaint that Defendants retaliated against him in violation of rights guaranteed to him by the Illinois Whistleblower Act, 740 ILCS § 174/15, and he alleges that he has suffered substantial losses as a result, including, but not limited to, lost wages and benefits, mental and emotional anguish and embarrassment and humiliation. Defendants deny these allegations in their answer.

3. Defendants Cook County and Cook County Sheriff are local public entities pursuant to 745 ILCS 10/1-206.

4. Defendants Thomas J. Dart, Rosemarie Nolan, Zelda Whittler, Joseph Ways, Sr., Henry Hemphill, Edward Dyner, and all Cook County and Cook County Sheriff's employees are public employees pursuant to 745 ILCS 10/1-207.

5. Defendant Cook County Sheriff is immune from any punitive damage awards under 745 ILCS 10/2-102 of the Illinois Tort Immunity Act which provides as follows: "A local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party."

21

6.      Defendants Cook County and Sheriff Dart are immune from Plaintiff's claims under 745 ILCS 10/2-103 of the Illinois Tort Immunity Act, which states a local public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.

7.      Defendants Cook County and Sheriff Dart are immune from Plaintiff's claims under 745 ILCS 10/2-109 of the Illinois Tort Immunity Act, which states a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

8.      Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-201 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused."

9.      Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-202 of the Illinois Tort Immunity Act which provides as follows: "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."

10.      Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

11.      Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-205 of the Illinois Tort Immunity Act which provides as follows: "A public employee is not liable for an injury caused by his adoption of, or failure to adopt, an enactment, or by his failure to enforce any law."

12.     Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-208 of the Illinois Tort Immunity Act which provides as follows: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause."

13.     Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-107 of the Illinois Tort Immunity Act which provides as follows: "A local public entity is not liable for injury caused by any action of its employees that is libelous or slanderous or for the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material."

14.     Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-210 of the Illinois Tort Immunity Act which provides as follows: "A public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material."

15.     Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-212 of the Illinois Tort Immunity Act which provides as follows: "The provisions of this Part 2 which define or limit the liability of a public employee in terms of his doing of an act or of his failure to act apply to public employees who function jointly, in conjunction or in collaboration with other public employees as well as to those who function singly."

16.     Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-213 of the Illinois Tort Immunity Act which provides as follows: "Notwithstanding any other provision of law, a public employee is not liable to pay punitive or exemplary damages in actions brought against the

23

employee based on an injury allegedly arising out of an act or omission occurring within the scope of employment of such an employee serving in a position involving the determination of policy or the exercise of discretion when the injury is the result of an act or omission occurring in the performance of any legislative, quasi-legislative or quasi-judicial function, even though abused."

17.     Defendants are immune from Plaintiff's claims under 745 ILCS 10/4-102 of the Illinois Tort Immunity Act which provides, in relevant part, as follows: "Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals."

18.     Defendants are immune from Plaintiff's claims under 745 ILCS 10/4-103 of the Illinois Tort Immunity Act which provides as follows: "Neither a local public entity nor a public employee is liable for failure to provide a jail, detention or correctional facility, or if such facility is provided, for failure to provide sufficient equipment, personnel, supervision or facilities therein. Nothing in this Section requires the periodic inspection of prisoners."

19.     The applicable statute of limitations bars this suit against Defendants under 745 ILCS 10/8-101.

20.     Plaintiff is not entitled to punitive damages against Defendants as it is not an available remedy under 740 ILCS 174/30.

WHEREFORE, Defendants are entitled to judgment to Plaintiff's claims because they are protected by the Tort Immunity Act.

24

**AFFIRMATIVE DEFENSE NO. 3:**
**Comparative Negligence, Contributory Negligence, and Willful and Wanton Conduct**

NOW COME Defendants, by their attorney Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, James C. Pullos, stating the following affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c), 735 ILCS 5/2-613(d), and 735 ILCS 5/2-1116, and plead as an affirmative defense of contributory and comparative negligence and/or willful and wanton conduct limiting the recovery of Plaintiff, Ivan Hernandez, and states as follows:

1.      That Plaintiff, Ivan Hernandez, pleads in his Complaint that Defendants retaliated against him for filing a federal lawsuit.

2.      That Plaintiff alleges that he was retaliated against in violation of rights guaranteed to him by the First Amendment and the Illinois Whistleblower Act, 740 ILCS § 174/15, and he alleges that he has suffered substantial losses as a result, including, but not limited to, lost wages and benefits, mental and emotional anguish and embarrassment and humiliation.

3.      That Defendants deny the allegations of violating Section 1983 and the Illinois Whistleblower Act in their answer.

4.      That if Plaintiff should obtain any judgment for damages against any Defendant in this action, said judgment for damages will be barred and set aside because plaintiff was guilty of comparative fault, negligence and/or willful and wanton conduct in excess of 50% which proximately caused his own injuries.

5.      That in the alternative, if judgment for damages is rendered in the cause herein in favor of Plaintiff and against any Defendant, then that Defendant is entitled to a reduction of those damages in the amount that such damage was caused or contributed to be caused by Plaintiff's own acts or omissions, including negligence, intentional conduct and/or willful and wanton conduct.

25

6.     That Plaintiff committed the following acts or omissions which contributed to cause his own injuries in that he:

> (a)     failed to act as a reasonably prudent person in regard to his own employment;
>
> (b)     failed to provide reasonable notice to Defendant Cook County, Sheriff Dart, or their employees of any retaliation;
>
> (c)     failed to mitigate any damages as a result of Defendants' acts or omissions; or
>
> (d)     was otherwise careless or negligent.

7.     That Plaintiff's acts or omissions are fault that contributed to over 50% of the proximate cause of the incident or injuries or, in the alternative, Defendants are entitled to a reduction of any damages recovered by Plaintiff to the extent of Plaintiff's own contributory fault including negligent, intentional, and/or willful and wanton conduct.

WHEREFORE, Defendants pray that any judgment for damages against a Defendant and in favor of Plaintiff be set aside and barred by Plaintiff's own fault which contributed to over 50% of the proximate cause of such incident or injuries or, in the alternative, pray that the amount of any judgment for damages against a Defendant and in favor of Plaintiff be reduced by that percentage to which Plaintiff's own fault, including negligent, intentional, and/or willful and wanton conduct, which contributed to such damages.

**AFFIRMATIVE DEFENSE NO. 4:**
**RES JUDICATA/COLLATERAL ESTOPPEL/PUBLIC OFFICIALS**
**IMMUNITY/PROSECUTORIAL IMMUNITY/LACK OF SUBJECT MATTER**
**JURISDICTION**

NOW COME Defendants, by their attorney Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, James C. Pullos, stating the following affirmative defenses as follows:

1.      That Plaintiff, Ivan Hernandez, pleads in his Complaint that Defendants retaliated against him for filing a federal lawsuit.

2.      That Plaintiff alleges that he was retaliated against in violation of rights guaranteed to him by the First Amendment and the Illinois Whistleblower Act, 740 ILCS § 174/15, and he alleges that he has suffered substantial losses as a result, including, but not limited to, lost wages and benefits, mental and emotional anguish and embarrassment and humiliation.

3.      That Defendants deny the allegations of violating Section 1983 and the Illinois Whistleblower Act in their answer.

4.      That Plaintiff alleges that on or about May 10, 2012, Defendants filed disciplinary charges with the Merit Board seeking Plaintiff Hernandez's termination for allegedly failing to cooperate in OPR's investigation related to William Burruss in *Sheriff v. William Burruss*, MB 1639. Plaintiff alleges that these charges were dropped against Plaintiff on July 9, 2013.

5.      On April 11, 2014, the Merit Board trial concluded in the matter of *Sheriff v. William Burruss*, MB 1639. Defendants assert the defenses of *res judicata* and/or collateral estoppel.

6.      Defendants Cook County, Cook County Sheriff Dart, and their employees are immune based on the common law doctrine of public official immunity for the decision to prosecute a disciplinary action against Plaintiff. Defendants are further immune under prosecutorial immunity.

27

7.     Alternatively, this Court lacks proper subject matter jurisdiction because no retaliation has accrued against Plaintiff.

### AFFIRMATIVE DEFENSE NO. 5:
### PREEMPTION/FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES/STATUTE OF LIMITATIONS/LACK OF SUBJECT MATTER JURISDICTION

NOW COME Defendants, by their attorney Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, James C. Pullos, stating the following affirmative defenses as follows:

1.     That Plaintiff, Ivan Hernandez, pleads in his Complaint that Defendants retaliated against him for filing a federal lawsuit.

2.     That Plaintiff alleges that he was retaliated against in violation of rights guaranteed to him by the First Amendment and the Illinois Whistleblower Act, 740 ILCS § 174/15 ("the Illinois Whistleblower Act"), and he alleges that he has suffered substantial losses as a result, including, but not limited to, lost wages and benefits, mental and emotional anguish and embarrassment and humiliation.

3.     That Defendants deny the allegations of violating Section 1983 and the Illinois Whistleblower Act in their answer.

4.     That Plaintiff's claim under the Illinois Whistleblower Act is preempted by the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* ("the Illinois Human Rights Act"). Consequently, Plaintiff's state law claims of retaliation are within the exclusive jurisdiction of the Illinois Human Rights Act and this Court is without subject matter jurisdiction.

5.     That Plaintiff failed to properly exhaust his administrative remedies under the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.*

28

6.      That Plaintiff is time-barred from raising a claim under the Illinois Human Rights

Act, 775 ILCS 5/1-101, *et seq.*

## **JURY DEMAND**

Defendants respectfully demand trial by jury.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:     /s/ James C. Pullos
        James C. Pullos
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        (312) 603-5105