IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENE MICHNO, <br>     Plaintiff, <br>     v. <br> SHERIFF THOMAS DART, *et al.*, <br>     Defendants. | Case No. 13-CV-7163 <br><br> Honorable Matthew F. Kennelly |
| IVAN HERNANDEZ, <br>     Plaintiff, <br>     v. <br> COOK COUNTY SHERIFF'S OFFICE, *et al.*, <br>     Defendants. | Case No. 13-cv-7949 <br> Consolidated |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
FOR ADDITIONAL TIME TO COMPLETE ESI SEARCHES (DOCKET #148)**

    Plaintiffs respectfully submit this response to Defendants' Motion for Protective Order (Dkt. 167)[1], regarding the Court's Orders requiring Defendants to search custodians' ESI for "OPR." In support, Plaintiffs state the following:

    1.    Defendants' motion for protective order on ESI (Dkt. 167) ignores Defendants' complete failure to comply with their discovery obligations to search ESI in the first place, and the fact that Defendants never searched and did not preserve relevant ESI of the individually named Defendants after these cases were filed. Defendants' motion also ignores Defendants' own delay in complying with at least 3 of this Court's prior orders. Defendants' motion also grossly misstates what has transpired with respect to the ESI search and Plaintiffs' attempts to assist Defendants in complying with the Court's orders, which is at Plaintiffs' counsel's own expense for the cost of Plaintiffs' ESI expert. (*See* Exhibit 1, Garrett Declaration.)

---

[1]    All Docket ("Dkt") references are in the *Michno* case, as the same motions have been filed in both of these consolidated cases.

2.  Despite prior orders for over a month requiring Defendants to search and produce ESI, Defendants did not advise Plaintiffs' counsel of any issues with the search term "OPR" (for Office of Professional Review) **until May 31, 2018** when the parties appeared at a court status. Plaintiffs' counsel offered to have the IT/ESI consultants on the phone to try to assist Defendants with the issue. (*See* Group Exhibit 2, Email Correspondence.)

### History of Motion to Compel ESI and Court Orders

3.  On April 10, 2018, Plaintiffs filed a motion to compel, including ESI (Dkt. 132), because Defendants had not produced any ESI, and it was clear from the depositions that Plaintiffs had conducted that Defendants did not search their emails or their phones or other ESI for any documents responsive to Plaintiffs' discovery requests, despite their obligations to do so under the Federal Rules of Civil Procedure. (*See* Dkt. 132.)

4.  On April 12, 2018, the Court entered an order in relevant part: "The Court directs counsel to confer further regarding plaintiff's motion to compel [124], defendants' motion to limit rule 30(B)(6) deposition [126], defendants' motion to limit ESI discovery requests [128], joint motion for additional time to complete discovery [130], and plaintiff's motion to compel [132]." (Dkt. 135.)

5.  Plaintiffs' counsel attempted to have a meet and confer and to agree on a status report per the Court's order. On May 7, 2018, Plaintiffs' counsel had to file the status report alone because "Defendants' counsel [had] request[ed] until Friday, May 11, 2018 to confer with his client for any other areas where agreement may be reached." (*See* Dkt. 142.) Plaintiffs requested that the Court order Defendants "to conduct and complete the search and produce responsive ESI to the search terms **by no later than May 18, 2018, as the next round of depositions are scheduled for May 21, 2018**." (Dkt. 142 at 2.)

6.  Defendants filed a response to the status report requesting more time to confer. (Dkt. 143.)

7. On May 9, 2018, this Court entered the following order:

> The Court has reviewed the parties' joint status report regarding ESI. In the report, defendants do not take positions on a number of points and ask for more time for their counsel to consult with defendants. Defendants are directed to make a filing in CMECF by no later than 12:00 noon on Friday, May 11, 2018 regarding their positions on each of these points. The date and time will not be extended, and the Court will not consider any late submission. If defendants fail to make a written submission by the prescribed date and time, the Court will rule on the disputed issues without the benefit of defendants' views.

(Dkt. 144.)

8. On May 11, 2018, Defendants filed their response or status report on Defendants' position on ESI custodians and search terms. (Dkt. 145.)

9. On May 14, 2018, this Court entered an order stating in relevant part:

> The parties' joint status report regarding disputes over ESI production in the Michno and Hernandez and the defendants' supplemental filings are not terribly helpful, but in order to avoid further delays the Court has done the best it can to ensure the production of relevant evidence while taking into account the existing discovery schedule, the desirability of avoiding undue burden, and proportionality. In both cases, **production is to be made by <u>May 18, 2018</u> unless the parties mutually agree to a later date**. (1) In the Michno case, Sheriff Dart is excluded as a custodian; all others listed in the status report are to be included. The following proposed search terms apparently have been withdrawn: duty−related; disability OR disable!. In addition to these, the following proposed search terms are excluded: merit board; lawsuit; political; disciplin!. All other search terms listed in the status report are to be used. The time frame for the search is to be files created and/or modified from June 17, 2009 through the date the lawsuit was filed. Defendants are not required to process PDF files for OCR before conducting the search. (2) In the Hernandez case, Sheriff Dart is excluded as a custodian; all others listed in the status report are to be included. The following proposed search terms are excluded: complaint register; lawsuit; political; disciplin!. All other search terms listed in the status report are to be used. The time frame for the search is to be files created and/or modified from June 17, 2009 through the date the lawsuit was filed.

(Dkt. 146 (emphasis added).)

10. On May 18, 2018, Defendants filed a motion for extension of time to comply with this Court's May 14, 2018 Order. (Dkt. 148.)

11. Defendants' counsel noticed the motion (Dkt. 148) for a date that he knew Plaintiffs' counsel would be out of the country on a pre-planned vacation. Plaintiffs' counsel requested that

3

Defendants re-notice the motion for May 29, 2018, but Defendants' counsel re-noticed the motion for May 24, 2018, knowing that Plaintiffs' counsel could not attend. Plaintiffs' counsel as such filed a response, noting that Plaintiffs would agree to Defendants having an extension until May 29, 2018 to produce the ESI per the Court's order because of depositions that were scheduled to proceed soon thereafter. (*See* Dkt. 151, Pls.' Response.)

12. On May 24, 2018, this Court granted Defendants' motion for extension of time to produce ESI searches **by June 4, 2018 at 5:00 p.m.** (Dkt. 156.)

13. On May 31, 2018, the Court held a status in this case, and Defendants again requested an additional extension of time to comply with this Court's May 14, 2018 Order. The Court entered the following order: "Status hearing and motion hearing regarding motion for protective order [158] held on 5/31/2018. Deadline for defendants to comply with ESI discovery requests is **extended to 6/8/2018**." (Dkt. 162.)

14. Defendants now again seek additional time after the deadline for an extension to comply with this Court order, or for the Court to reconsider its prior order. Defendants' motion for protective order is unclear on the relief Defendants are requesting.

### ESI Search for "OPR"

15. On May 31, 2018, when Defendants' counsel **first, and belatedly,** raised the claim that the search for "OPR" was yielding a high number of hits, Plaintiffs' counsel offered to have her ESI Expert (at Plaintiffs' expense) on the phone with Defendants' IT person. (*See* Exhibit 2, Emails.)

16. Plaintiffs' ESI consultant requested what the search was that was done, and Mr. Garrett tried to propose some alternatives without having been involved in the search and with no information as to what or how the search was run, including directing Defendants' counsel to the on-line manual for Office 365 and how to run search queries, since Defendants' operate in Office 365. (*See* Group Exhibit 2, 6/5/18 Email.)

4

17. On Saturday, June 9, 2018, the IT/ESI consultants further discussed the problems with the search on the phone with the Parties' counsel present, Ms. Kurtz for Plaintiffs and Mr. Tyler Roland for Defendants. (*See* Exhibit 1, Garrett Declaration.)

18. On the call Defendants' IT person stated that he ran the query submitted by Mr. Garrett, and it has errors. Defendants' IT person said he noticed the error was a parenthesis at the end of the search string ')', but said he didn't have permission to change it. This was a waste of time and could have been rectified with adding the ')' and avoiding the issue of pointing out a simple copy and paste error that was identified by the defendants immediately upon receiving the search string. This could have avoided burdening the court with a simple eDiscovery issue. (*Id.*)

19. Counsel claimed the searches were burdensome and brought up that the query resulted in over 80,000 hits multiple times in the call, although Mr. Garrett had repeatedly stated that it seemed to be giving wild results for this query and that they should scrap the query all together. (*Id.*)

20. Mr. Garrett suggested running the same search the defendants have originally conducted with a qualifier to limit the search word 'opr' to the body of the emails. This returned an estimated 2,000 emails for the *Michno* dataset and 2,300 emails for the *Hernandez* dataset. (*Id.*)

21. Defendants' liaison claimed that the two datasets were not deduplicated and many of the emails could be duplicative of each other. (*Id.*)

22. Mr. Garrett inquired why the defendants have not reviewed the estimated 4,300 emails and informed them that the average review time is **six seconds per document** for a total of **seven (7) hours** of work. Defendants' counsel stated that he was not taking a position. (*Id.*)

23. Mr. Garrett asked if Defendants' IT person could look into the data to see if there is a common thread such as 'newsletter' being part of the subject line so that we could further refine the search to reduce the amount of irrelevant emails and was told "no," he was "not allowed to see the data." (*Id.*)

5

24. Often times the number of hits from a search can be the result of a "false positive" such as a newsletter or signature block, that can be filtered out and reduce the number of documents for attorney review, as well as filtering out attorneys' email addresses. However, the data has to be sampled to determine if there are false positives; Defendants have not done that and refused to do it. (*Id.*)

25. The customary best practice is for the reviewer to sample the dataset by reviewing a small set of data, applying filters to remove large chunks of irrelevant ESI, then calculating the costs for review with or without the aid of technology. (*Id.*)

26. Even 5,474 emails, which are not deduplicated, and should be, is not burdensome. (*Id.*) Such a review would take less than seven (7) hours to complete, as the average time for review is 6 seconds per document. (*Id.*)

27. Defendants have spent more time briefing this issue and burdening the Court than it would have taken for them to review the data.

28. However, such review could be even further limited with Mr. Garrett's assistance, which Plaintiffs' counsel also offered, or the reviewer, reviewing sample responsive data to determine if there are false positive or irrelevant information. Defendants have not done this. (*Id.*) The dataset can be further reduced by deduplicating, as well as excluding attorneys' email addresses. (*Id.*)

29. Again, Defendants could have had this discussion back in April 2018, or even when they were answering Plaintiffs' discovery requests back in February 2018, but did not. Moreover, Defendants could have done this over a month ago when they were originally ordered to produce the ESI by May 18, 2018. Again, they failed to do so.

30. Defendants' delay in attempting to resolve these issues earlier with Plaintiffs' counsel, and refusal to engage in other ways of limiting the number of documents to be reviewed, is not an excuse to not comply with this Court's orders, and should not be allowed to prejudice

6

Plaintiffs in this case. As such, Defendants should be ordered to comply with this Court's prior orders by Friday, June 15, 2018. The next deposition in this case is set for June 19, 2018 of Rosemarie Nolan. Defendants' cancelled Zelda Whittler's deposition, which was scheduled, confirmed, and ordered by the Court to proceed on June 13, 2018. Plaintiffs' counsel is still waiting for confirmation of deposition dates from Defendants for the other remaining depositions in this case.

WHEREFORE, for the above stated reasons, Plaintiffs respectfully request that this Court deny Defendants' motion for protective order and require Defendants to comply with this Court's original orders (see above) by Friday, June 15, 2018, as the next scheduled deposition is set for June 19, 2018, and for such other relief as is just and equitable.

Respectfully Submitted,

**/s/Dana L. Kurtz**

Attorney for Plaintiffs

Dana L. Kurtz, Esq. (ARDC # 6256245)
KURTZ LAW OFFICES, LTD
32 Blaine Street
Hinsdale, Illinois 60521
Phone: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies and states that the attached documents were served on the designated attorneys by electronic service via the Court's ECF System on June 13, 2018.

Jeffrey J. Scolaro        jscolaro@daleymohan.com
Laura S. Platt            lplatt@daleymohan.com
Tyler E. Roland           troland@daleymohan.com

Richard Linden            lindenlaw@gmail.com


                                                      **/s/Dana L. Kurtz**

                                                      *Electronically filed on June 13, 2018*