69950001-GUO

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GENE MICHNO, | ) | |
| | ) | |
| Plaintiff, | ) | Honorable Matthew F. Kennelly |
| | ) | |
| v. | ) | Case No. 13-cv-7163 |
| | ) | |
| | ) | Consolidated |
| SHERIFF THOMAS DART, COOK COUNTY | ) | |
| SHERIFF'S OFFICE, ROSEMARIE NOLAN, | ) | |
| ZELDA WHITTLER, JOSEPH WAYS, SR., | ) | |
| GARY HICKERSON, AND COOK COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| IVAN HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | Honorable Matthew F. Kennelly |
| | ) | |
| v. | ) | Case No. 13-cv-07949 |
| | ) | |
| COOK COUNTY SHERIFF'S OFFICE, | ) | Consolidated |
| THOMAS J. DART, in his individual capacity | ) | |
| as Sheriff of Cook County, Illinois | ) | |
| ROSEMARIE NOLAN, ZELDA WHITTLER, | ) | |
| JOSEPH WAYS, SR., EDWARD M. DYNER, | ) | |
| in their individual capacities, and COOK | ) | |
| COUNTY, a local unit of government, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RULE 56.1(b)(1) STATEMENT OF ADDITIONAL FACTS**

NOW COME Defendants, COOK COUNTY SHERIFF'S OFFICE, AND THOMAS J. DART, ROSEMARIE NOLAN, ZELDA WHITTLER, JOSEPH WAYS SR., GARY HICKERSON, EDWARD DYNER, AND COOK COUNTY (the "Defendants") by their

attorneys, Querrey & Harrow, Ltd., and for their Local Rule 56.1(b)(1) Statement of Additional Undisputed Facts, state the following:

**A.**     *Hernandez I*

1.     Plaintiffs Ivan Hernandez and Gene Michno, along with four other individuals, filed a lawsuit, *Hernandez, et al. v. Cook County Sheriff's Office* (07 CV 855) (hereinafter "*Hernandez I*"), on February 13, 2007, in which they alleged that they were only investigated and disciplined following the February 11, 2006 Jail escape, during which six violent inmates escaped from the ABO, because they supported Richard Remus for Sheriff in the March 2006 Democratic Primary. (*Hernandez, et al. v. Cook County Sheriff's Office, et al.* (07 CV 855), Dkt. 55, attached as **Ex. A**).

2.     In *Hernandez I*, Plaintiffs had originally sued the Cook County Sheriff's Office, Sheriff Michael Sheahan, Dennis Andrews, Timothy Kaufmann, Scott Kurtovich and Thomas Snooks. All of the individual Defendants, including Sheriff Sheahan, were sued in their individual capacities. By the time that the case reached trial in August of 2016, all of the individual Defendants had been dismissed. (**Ex. A**; Stipulation for Dismissal Pursuant to FED. R. CIV. 41(A)(1), *Hernandez, et al. v. Cook County Sheriff's Office, et al.* (07 CV 855), Dkt. 554, attached hereto as **Ex. B**).

3.     Following a three week bench trial, Judge Durkin entered judgment in favor of Defendant, the Cook County Sheriff's Office. (*Hernandez, et al. v. Cook County Sheriff's Office, et al.* (07 CV 855), Dkt. 653, attached hereto as **Ex. C**).

4.     When reaching his decision, Judge Durkin stated that "the Court finds the Sheriff's Office believed Plaintiffs, like virtually all SORT officers, were politically affiliated

2

with Remus" based on the testimony of Sheriff's Office officials Scott Kurtovich and Dennis Andrews. (*Hernandez, et al. v. Cook County Sheriff's Office, et al.* (07 CV 855), Dkt. 652, at 16, attached hereto as **Ex. D**).

5. The *Hernandez I* court found that although Plaintiffs had met their initial burden of proof, Defendant Cook County Sheriff's Office met its burden of showing that another "sufficient condition" existed for the employment actions taken against Plaintiffs. (**Ex. D**, at 25).

6. The *Hernandez I* court found that "Gater's confession, coupled with the fact that Plaintiffs were responsible for guarding the section of the Jail from which the escape originated—was a sufficient condition for the investigations and suspensions." (**Ex. D**, at 25).

7. The *Hernandez I* court further reasoned that the employment actions taken against Plaintiffs were "eminently reasonable" because Bailey and Davis were assigned to guard the ABO during the escape, Hernandez had failed to properly ensure that Bailey and Davis were at their posts for the shift during which the escape occurred, and Darin Gater's confession indirectly implicated Bailey and Davis and directly implicated Michno, Jones, and Rodriguez. (**Ex. D**, at 25-26).

**B.     Plaintiff Gene Michno**

8. An OPR investigation was opened and termination proceedings were brought against Plaintiff Gene Michno after he failed to report to the Cook County Medical Unit after his Medical Leave of Absence expired despite having received three notices from Defendant Rosemarie Nolan to do so. (Plaintiff Gene Michno's OPR File, *Michno v. CCSO*, 000179-000180, attached hereto as **Ex. E**).

3

9. In his current lawsuit, Plaintiff Michno claims that the OPR investigation was conducted and termination proceedings were initiated because of his political affiliation and his participation in *Hernandez I*. (*Michno v. Cook County Sheriff's Office* (13 CV 7163), Dkt. 1, attached hereto as **Ex. F**).

10. Plaintiff Michno's lawsuit has been brought against the Cook County Sheriff's Office, Sheriff Dart, Rosemarie Nolan, Zelda Whittler, Joseph Ways, Sr., Gary Hickerson, and Cook County. All of the individual Defendants, including Sheriff Dart, are being sued in their individual capacities. (**Ex. F**).

11. David Shilling, who was assigned to Plaintiff Michno's OPR investigation who was not aware of any lawsuits filed by correctional officers relating to the 2006 Jail Escape. (Deposition of David Shilling, at 12:8-17, 36:1-12, attached hereto as **Ex. G**).

12. Mr. Shilling never researched and never heard about the political affiliation of any employee, including Plaintiff Michno. (**Ex. G**, at 32:16-21, 33:7-15).

13. Patrick Fitzgerald, who took over Plaintiff Michno's OPR investigation, never inquired about or conducted research into Plaintiff Michno's political affiliation or activities. (Deposition of Patrick Fitzgerald, at 33, 60:23-61:15, attached as **Ex. H**).

14. Mr. Fitzgerald did not know that Plaintiff Michno was involved in any litigation against the Sheriff's Office. (**Ex. H**, at 182-184).

15. Following his investigation, Mr. Fitzgerald found that Plaintiff Michno had failed to report to the Medical Unit and sustained the allegations against raised in the Complaint Register. (**Ex. H**, at 124:19 – 125:2).

16. Defendant Joseph Ways reviewed Patrick Fitzgerald's findings and made the discipline recommendation prior to the Command Channel Review. (Deposition of Joseph Ways, at 50:19-21, 128:1-5, 128:23 – 129:1, attached hereto as **Ex. I**).

17. Defendant Joseph Ways testified that there was no indication that any consideration was given to politics during the OPR investigation. (**Ex. I**, at 154:16-19).

18. Defendant Ways did not communicate with Sheriff Dart regarding Michno's OPR investigation. (**Ex. I**, at 29:23-24, 34:11-15, 248:24-25 – 249:21).

19. Defendant Gary Hickerson did not know who Michno was at the time he reviewed and signed off on the Command Channel Review of Plaintiff Michno's OPR investigation. (Deposition of Gary Hickerson, at 104:12-14, attached as **Ex. J**).

20. Defendant Gary Hickerson did not have communications with anyone regarding Michno prior to reviewing and signing off on his OPR investigation. (**Ex. J**, at 139:7-10, 142:10-13).

21. Defendant Zelda Whittler reviewed OPR investigation as a part of the Command Channel Review and was not involved in the investigations. (Deposition of Zelda Whittler, at 35:5-13, attached as **Ex. K**).

22. Defendant Zelda Whittler testified that she did not recall having any conversations with anyone regarding Plaintiff Michno. (**Ex. K**, at 101:25 - 102:5, 102:20-24, 104:1-4).

23. Defendant Zelda Whittler learned of *Hernandez I* after she received the OPR Investigation as part of the Command Channel Review. (**Ex. K**, at 68:14-25, 69:18-25 – 70:1-7).

24. When asked if she did anything to make sure that Plaintiffs Hernandez and Michno were not being retaliated against due to *Hernandez I*, Defendant Whittler testified that she did not believe that the recommendation of discipline was based on anything other than the sufficient evidence contained within the investigations. (**Ex. K**, at 70:8-25).

**C.     Plaintiff Ivan Hernandez**

25. Plaintiff Hernandez was ordered to appear for an OPR witness interview relating to the OPR investigation relating to theft allegations against Correctional Officer William Burruss. (Plaintiff Hernandez's OPR File, *Hernandez v. CCSO*, 000054-61, 000186-87, attached hereto as **Ex. L**).

26. When Plaintiff Hernandez appeared for his OPR witness interview on November 8, 2011, he appeared without an attorney and refused to answer any questions. (**Ex. L**, *Hernandez v. CCSO*, 000054-61, 000189; Deposition of Henry Hemphill, at 101:11-19, attached as **Ex. M**).

27. Plaintiff Hernandez was thus added to the Complaint Register in the Burruss matter for an investigation into his failure to cooperate with the OPR investigation. (**Ex. L**, *Hernandez v. CCSO*, 000054-61).

28. In his current lawsuit, Plaintiff Hernandez claims that the OPR investigation was conducted and termination proceedings were initiated because of his political affiliation and his participation in *Hernandez I*. (*Hernandez v. Cook County Sheriff's Office* (13 CV 7949), Dkt. 1, attached hereto as **Ex. N**).

29. Plaintiff Hernandez's lawsuit has been brought against the Cook County Sheriff's Office, Sheriff Dart, Rosemarie Nolan, Zelda Whittler, Joseph Ways, Sr., Edward Dyner, and

6

Cook County. Sheriff Dart is being sued in his individual and official capacities, and the remaining individual Defendants are being sued in their individual capacities. (**Ex. N**).

30. Henry Hemphill does not remember knowing that Plaintiff Hernandez had a pending lawsuit at the time of the investigation. (**Ex. M**, at 100:21-25).

31. Henry Hemphill and had no basis to think that Hernandez was being retaliated against for having filed *Hernandez I*. (**Ex. M**, at 44:23-45:9).

32. Defendant Edward Dyner became aware of the fact that Hernandez had a pending lawsuit at the time he signed off on Investigator Hemphill's summary report, he did not know the specific allegations being made in *Hernandez I* and did not know there were claims of political retaliation. (Deposition of Edward Dyner, at 56:3-16, attached as **Ex. O**).

33. When Gary Hickerson signed off on the Command Channel Review of Plaintiff Hernandez's OPR investigation, he did not know who Plaintiff Hernandez was. (**Ex. J**, at 104:18-20).

34. Defendant Ways did not discuss the discipline of termination he recommended for Plaintiff Hernandez with anyone. (**Ex. I**, at 68:25-69:2, 70:20 – 71:1).

35. When asked if she did anything to make sure that Plaintiffs Hernandez and Michno were not being retaliated against due to *Hernandez I*, Defendant Whittler testified that she did not believe that the recommendation of discipline was based on anything other than the sufficient evidence contained within the investigations. (**Ex. K**, at 70:8-25).

36. Defendant Rosemarie Nolan was not involved in or aware of Plaintiff Hernandez's OPR investigation. (Deposition of Rosemarie Nolan, at 250:17-251:1, attached as **Ex. P**).

37. Sheriff Dart did not have any involvement in Plaintiff Michno's OPR investigation. (Sheriff Dart's Answers to Requests to Admit, attached as **Ex. Q**).

38. Sheriff Dart did not have any involvement in Plaintiff Hernandez's OPR investigation. (Sheriff Dart's Answers to Requests to Admit, attached as **Ex. R**).

Respectfully Submitted,

By: /s/ Terrence F. Guolee
One of the attorneys for Defendants

Terrence F. Guolee - tguolee@querrey.com
Larry S. Kowalczyk - lkowalczyk@querrey.com
Megan K. Monaghan - mmonaghan@querrey.com
QUERREY & HARROW, LTD.
175 West Jackson, Suite 1600
Chicago, Illinois 60604
Phone: 312-540-7000 / Fax: 312-540-0578