69950001-GUO

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GENE MICHNO, ) | |
| ) | |
| Plaintiff, ) | Honorable Matthew F. Kennelly |
| ) | |
| v. ) | Case No. 13-cv-7163 |
| ) | |
| ) | Consolidated |
| SHERIFF THOMAS DART, COOK COUNTY ) | |
| SHERIFF'S OFFICE, ROSEMARIE NOLAN, ) | |
| ZELDA WHITTLER, JOSEPH WAYS, SR., ) | |
| GARY HICKERSON, AND COOK COUNTY, ) | |
| ) | |
| Defendants. ) | |

| | |
|---|---|
| IVAN HERNANDEZ, | |
| ) | |
| Plaintiff, ) | Honorable Matthew F. Kennelly |
| ) | |
| v. ) | Case No. 13-cv-07949 |
| ) | |
| COOK COUNTY SHERIFF'S OFFICE, ) | Consolidated |
| THOMAS J. DART, in his individual capacity ) | |
| as Sheriff of Cook County, Illinois ) | |
| ROSEMARIE NOLAN, ZELDA WHITTLER, ) | |
| JOSEPH WAYS, SR., EDWARD M. DYNER, ) | |
| in their individual capacities, and COOK ) | |
| COUNTY, a local unit of government, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' RULE 56.1 STATEMENT OF UNDISPUTED FACTS**

NOW COME Defendants, COOK COUNTY SHERIFF'S OFFICE, AND THOMAS J. DART, ROSEMARIE NOLAN, ZELDA WHITTLER, JOSEPH WAYS SR., GARY HICKERSON, EDWARD DYNER, AND COOK COUNTY (the "Defendants") by their

attorneys, Querrey & Harrow, Ltd., and for their Response to Plaintiffs' Rule 56.1 Statement of Undisputed Facts, state as follows:

1. Plaintiffs Michno and Hernandez bring claims under 42 U.S.C. § 1983 against Defendants—including the Cook County Sheriff's Office, and Dart in his individual capacity, and other high ranking officials (policy makers) for the Sheriff's Office—for violations of their First Amendment rights to the United States Constitution based on (1) their freedom of speech and protected activity; (2) their freedom of political association (Count I). Plaintiffs also bring claims for violations of the Illinois Whistleblower Act for the retaliation they experienced because they filed the prior lawsuit and engaged in protected activity (Count II). (*See, e.g.,* 13-CV-7163, Dkt. 56, ¶¶ 51-54, *Michno* Amend. Complaint; *see also* Dkt. 110, ¶ 1; 13-CV-7949, Dkt. 1, *Hernandez* Complaint ¶¶ 1, 59, 60; *see also* 13-CV-7949, Dkt. 29, Defs.' Amend. Answer ¶ 1.)

**RESPONSE: Defendants admit that Plaintiffs are bringing their § 1983 claim for alleged violations of their First Amendment rights and further admit that Plaintiffs are bringing a claim under the Illinois Whistleblower Act for their allegations that they were retaliated against for filing *Hernandez* I and engaging in protected activity.**

2. Plaintiff's First Amendment free speech and protected activity claims are based on the fact that filed a lawsuit, *Hernandez, et al. v. Cook County Sheriff's Office, et al.*, Case No. 07 C 855 (N.D. Ill.) (*"Hernandez I"*), against the Sheriff's Office and other policymakers of the Sheriff's Office. In the *Hernandez I* case, the plaintiffs filed claims for political retaliation, when they were suspended with pay and subject to an OPR investigation over the escape of 6 inmates from the Cook County Jail before the primary election in 2006. (*See, e.g.,* 13-CV-7163, Dkt. 56, ¶ 29; *Michno* Amend. Complaint; 13-CV-7949, Dkt. 1, *Hernandez* Complaint ¶ 31.)

**RESPONSE: Admit.**

3. *Hernandez I* proceeded before a bench trial before Honorable Judge Durkin on August 1, 2016 through approximately August 19, 2016. *Hernandez I*, 07-cv-00855, Docket ##579-603 (trial dates).

**RESPONSE: Admit.**

4. Plaintiffs' First Amendment claims here are also based on retaliation for Plaintiffs' political affiliation, which Judge Durkin in *Hernandez I* has already found that "the Sheriff's Office believed Plaintiffs, like virtually all SORT officers, were politically affiliated with Remus," based on the evidence presented during a three-week bench trial in that case. (Exhibit 1, *Hernandez I* Dkt. 652 at 16 ("Based on this evidence, the Court finds the Sheriff's Office believed Plaintiffs, like virtually all SORT Officers, were politically affiliated with Remus.")); *see also Hernandez I*, 07-cv-00855, Docket ## 579-603 (trial dates.)

**RESPONSE: Admit.**

5. Judge Durkin noted in his findings of fact and conclusions of law:

The Sheriff's Office argues that Plaintiffs' political affiliation could not have motivated the suspensions and the investigations onto their conduct because Plaintiffs have failed to prove that any Sheriff's Office policymaker "knew [Plaintiffs] supported Remus or that Plaintiffs were even perceived to be Remus supports." R. 635 at 9. The Court disagrees.

(Exhibit 1, *Hernandez I*, Dkt. 652 at 15.)

**RESPONSE: Admit.**

6. The Sheriff's Office, which was the defendant in the *Hernandez I* trial, was fully represented by outside counsel hired by the Sheriff. (*See generally*, *Hernandez I* Docket, 07-cv-00855, appearances.)

**RESPONSE: Admit. Further responding, Defendants Sheriff Dart, Rosemarie Nolan, Zelda Whittler, Joseph Ways, Sr., Gary Hickerson, and Edward Dyner were not Defendants in *Hernandez I*. (*See Hernandez, et al. v. Cook County Sheriff's Office, et al.* (07**

3

**CV 855), Dkt. 55, attached as Ex. A to Defendants' Rule 56.1 Statement of Additional Facts).**

7. Defendants admit that this Court has jurisdiction over Plaintiffs' claims. (13-CV-7163, Dkt. 110, ¶¶ 2-3; 13-CV7949, Dkt. 29, Defs.' Amend. Answer ¶¶ 2-3.)

**RESPONSE: Admit.**

8. Defendants also admit that venue in this Court is proper. (13-CV-7163, Dkt. 110, ¶¶ 2-3; 13-CV-7949, Dkt. 29, Defs.' Amend. Answer ¶¶ 2-3.)

**RESPONSE: Admit.**

    Respectfully Submitted,

    By: /s/ Terrence F. Guolee
    One of the attorneys for Defendants

Terrence F. Guolee - tguolee@querrey.com
Larry S. Kowalczyk - lkowalczyk@querrey.com
Megan K. Monaghan - mmonaghan@querrey.com
QUERREY & HARROW, LTD.
175 West Jackson, Suite 1600
Chicago, Illinois 60604
Phone: 312-540-7000 / Fax: 312-540-0578